# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MID-CONTINENT CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-CIV-259-RAW ) |
| KCHM, INC., f/k/a FDH, INC., and KCHM & ASSOCIATES, INC., f/k/a FDH ENGINEERING, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the court is the motion to dismiss of defendants. Plaintiff's complaint (#2) alleges that it is an Ohio corporation with its principal place of business in Oklahoma. Defendants KCHM and KCHM & Associates are both corporations organized under North Carolina law with their principal place of business in North Carolina. In or about 2013, FDH (a predecessor to defendants) entered into a Master Service Agreement ("MSA") with S & S Construction Specialists ("S & S"), an Oklahoma corporation. The MSA related to construction activities to be performed on cellular phone towers in West Virginia. S & S obtained a general liability policy from plaintiff. The policy was issued in Tulsa, Oklahoma and received by S & S in Hulbert, Oklahoma. FDH was named as a conditional insured under the policy.

On February 1, 2014, West Virginia construction activities of S & S and FDH resulted in a multiple-fatality accident involving the collapse of cellular phone towers. This led to

several lawsuits in West Virginia. In the West Virginia litigation in which S & S was not originally a defendant, FDH sued S & S and brought that corporation into those lawsuits as a third-party defendant. Plaintiff defended S & S in certain of the West Virginia litigation pursuant to the insurance policy. FDH demanded (by communicating with plaintiff in Oklahoma) that plaintiff provide a defense to and indemnity against the claims against FDH, under the conditional additional insured endorsement of the policy issued to S & S.

Defendants move for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) F.R.Cv.P. Plaintiff bears the burden of establishing personal jurisdiction over a defendant, but in the preliminary stages of litigation this burden is "light." *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1247 (10th Cir.2000). Where, as here, there has been no evidentiary hearing, and the issue is decided on the basis of written materials, the plaintiff need only make a prima facie showing that jurisdiction exists. *Id.* The court accepts the well-pled facts (as distinguished from conclusory allegations) of the complaint as true to the extent they are uncontroverted by the defendant's affidavits. *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir.1995). If the parties present conflicting affidavits, all factual disputes must be resolved in plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. *Id.*

Personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction

would not deny the defendant due process. Oklahoma's long-arm statute [12 O.S. §2004(F)] permits the exercise of any jurisdiction that is consistent with the United States Constitution. Therefore, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry. *Monge v. RG Petro-Machinery (Group) Co. Ltd.,* 701 F.3d 598, 613 (10th Cir.2012).

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum state. *Id.* Depending on the level of contact, personal jurisdiction may be either specific, in which case personal jurisdiction is based on specific activities or contacts the defendant had with the forum state, or it may be general, in which case jurisdiction is based upon "continuous or systematic contacts" between the defendant and the forum state. *United States v. Botefuhr,* 309 F.3d 1263, 1271-72 (10th Cir.2002). In the case at bar, plaintiff relies solely on specific personal jurisdiction.

Specific jurisdiction calls for a two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable. The minimum contacts test also has two requirements: (i) that the defendant must have purposefully directed its activities at residents of the forum state, and (ii) that the plaintiff's injuries must arise out of the defendant's

forum-related activities. *C5 Med. Werks, LLC v. CeramTec GMBH,* 937 F.3d 1319, 1323 (10th Cir.2019).

Here, plaintiff has not suffered an "injury," strictly speaking, but seeks a declaratory judgment that it does not owe a defense or indemnity obligation to defendants under the policy. Considering the minimal burden plaintiff bears at this stage, the court finds that sufficient demonstration of minimal contacts has been made. Defendants had entered into over 100 contracts with S & S starting in 2010, and demanded to be listed as a conditional additional insured on the policy in question. Moreover, after S & S filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Oklahoma, defendants actively litigated in that court. Both defendants filed proof of claims in regard to that bankruptcy. When plaintiff sought to interplead the policy limits into the S & S bankruptcy estate, defendants resisted the interpleader and affirmatively sought an award of the policy limits.

The court now considers whether defendants have presented a compelling case that the exercise of jurisdiction is unreasonable. The factors to be considered are (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states or foreign nations in furthering fundamental social policies. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1080 (10th Cir.2008). The court finds

4

(at the pleading stage) that defendants have not made such a demonstration. Defendants are not precluded from seeking to revisit the issue of jurisdiction later in the litigation.

It is the order of the court that the motion to dismiss (#14) is hereby denied. The motion for hearing (#27) is deemed moot.

**ORDERED THIS 9th DAY OF MARCH, 2020.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma